# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JESSICA MICHELLE BROWN,

     Plaintiff

v.

STATE OF NEVADA, et al.,

     Defendants

Case No.: 2:23-cv-00187-JAD-NJK

**Order Screening Complaint and Denying Motion to Stay Action**

[ECF Nos. 1-1, 6]

Plaintiff Jessica Brown brings this civil-rights action under 42 U.S.C. § 1983, claiming that her Eighth Amendment rights were violated when she was falsely arrested for shoplifting in October 2016 and December 2022 and criminally charged and detained.  Because Brown applies to proceed *in forma pauperis*,[1] I screen her complaint under 28 U.S.C. § 1915A.  I find that Brown has not pled any colorable claims for relief, she brings claims that are not properly joined in a single lawsuit, and she has not identified a proper defendant for any of her claims.  So I dismiss the complaint entirely with leave to amend.  And I deny Brown's request to stay this lawsuit until after she's released on probation in July 2023.[2]

## I.  Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3]  In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[1] ECF No. 4.

[2] ECF No. 7.

[3] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[4]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

---

[4] *See id.* at § 1915A(b)(1)(2).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id.*

## II.        Screening the complaint

Brown sues the State of Nevada, Wal-Mart, and Goodwill for events that allegedly happened when she was a free citizen and detained at Clark County Detention Center (CCDC). She seeks monetary relief in the forms of prepaid home, car, and education and injunctive relief of dropping the criminal charges against her.  Brown brings two claims and alleges the following.

### A.        Factual allegations

Brown was diagnosed with several mental health illnesses in 2012 and 2013, including schizophrenia, bi-polar depressive disorder, and post-traumatic stress disorder.  In October 2016 while Brown was "in [her] addiction" and as her schizophrenia developed, Brown went shopping for a sweater.  She was approached by the store's manager while she shopped.  When they approached the front of the store, the manager told Brown that she couldn't leave with the items she'd collected in the store.  Brown responded, "Tim is going to die anyway you can have it." Brown then "politely" handed the manager everything she had collected from the store, leaving only her own pepper spray and knife in her hand.

The manager told Brown that she had to go with him, and he tried to grab her.  Confused, Brown fled and was apprehended by police "a few blocks up the street."  Brown was charged with robbery and other crimes and "wrongly" placed in CCDC where she was "overly medicated" and "legal attorneys denied all [her] pleas/requests for clarification help or rightful explaining[.]"  Brown spent four months in solitary confinement.

Brown went shopping again in December 2022.  She approached the door with two items in her hand and "attempt[ed] to throw a fit behind the mocking/disrespectful threats also embarrassment in a store full of people" when an employee named A. Woods tried to touch her.

Brown was surrounded by 6–7 employees, so she held up her knife "attempting to protect [herself] if Mrs. Woods touched [her]."  Woods saw the knife and said she knows where Brown lives.  Brown left as "Metro" was called.

Woods testified in court that the store's managers instructed the 6–7 employees to apprehend Brown because she was "86."  Brown had previous encounters with that manager accusing Brown of stealing at the dressing room and stalking Brown while she shopped in the store.  Brown called the manager a "clueless b****."  The two bickered some more and Brown left the store and waited next door with "bat in hand" while Metro was at a nearby movie theater.

Brown approached an officer and explained what happened.  The officer said that is correct and told Brown to leave, so she did.  But Brown was arrested and charged with crimes, and she's currently detained at CCDC, which "is illegal."

Based on these allegations, Brown contends that defendants engaged in cruel and unusual punishment and wrongfully incarcerated her.  I liberally construe the complaint as bringing claims under the Fourteenth Amendment's Due Process Clause about Brown being forcibly medicated and placed in solitary confinement while she was detained at CCDC following her arrest in October 2016; claims challenging her October 2016 arrest and related detention, criminal case, conviction, and sentence; and claims challenging her December 2022 arrest and related detention and criminal case.  I find that Brown's complaint suffers from several defects, so I dismiss the complaint in its entirety, grant leave to amend, and provide Brown guidance for filing a properly formatted complaint.

**B.      Brown must comply with Federal Rules of Civil Procedure 8, 18, and 20.**

A plaintiff's complaint must contain "a short and plain statement of the claim showing that [she] is entitled to relief."[12]  Each allegation must be simple, concise, and direct."[13]  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[14]  And "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."[15]

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure (FRCP) 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.[16]  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act.[17]

Brown's complaint does not comply with these rules because it seeks to assert claims about three separate occurrences or series of occurrences that are not related and involve

---

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Id.* at 8(d)(1).

[14] Fed. R. Civ. P. 10(b).

[15] *Id.*

[16] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

[17] 28 U.S.C. § 1915(g).

different defendants.  For example, Brown raises claims about (1) her arrest in October 2016 and subsequent detention, criminal case, conviction, and sentence; (2) the conditions of her confinement at CCDC following her October 2016 arrest; and (3) her arrest in December 2022 and related detention and criminal case.  Brown cannot combine claims about these three unrelated events or series of events that involve different defendants into a single lawsuit.  I therefore dismiss the entire complaint without prejudice and grant her leave to file an amended complaint that narrows these topics.

If Brown elects to file an amended complaint, she must choose which claim or related claims she wishes to pursue in this action.  Brown is advised that each claim raised in her amended complaint must be permitted by either Rule 18 or Rule 20.  Brown may state a single claim against a single defendant.  Brown may then add any additional claims to her action that are against the same defendant under FRCP 18.  Brown may also add additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as her original claim.**[18]  Brown must comply with the procedures set forth in General Order No. 2021-05 that apply to all non-habeas civil filings of *pro se* inmates.  If Brown's amended complaint sets forth unrelated claims that violate joinder rules, the court will dismiss the claims it finds to be improperly joined.

### C.     Brown should attempt to identify proper defendants.

In the instant complaint, Brown sues the State of Nevada, Goodwill, and Wal-Mart.  But plaintiffs generally cannot pursue § 1983 claims or state-law claims against the State of Nevada or its agencies in federal court because the State has not waived its Eleventh Amendment

---

[18] Fed. R. Civ. P. 20(a)(2); *accord* General Order No. 2021-05 at p. 5.

sovereign immunity.[19]  And private parties like Goodwill and Wal-Mart generally do not act under color of state law and therefore cannot be the targets of civil-rights claims under § 1983.[20] The Ninth Circuit has recognized that "private parties may act under color of state law when the state significantly involves itself in the private parties' actions and decision making at issue."[21] But Brown does not plead facts that the State of Nevada was involved in the store employees' decisions to report Brown to the police for her alleged misconduct in Wal-Mart or Goodwill.  I therefore dismiss the State of Nevada with prejudice because amendment would be futile.  And I dismiss Wal-Mart and Goodwill without prejudice.  This means Brown has leave to amend to plead true facts that Wal-Mart or Goodwill acted under color of state law in connection with an alleged constitutional violation.

**D.    Municipalities are not vicariously liable for their employees' conduct.**

Las Vegas Metropolitan Police Department (LVMPD) operates CCDC.  A municipality like LVMPD may be found liable under 42 U.S.C. § 1983 only if the municipality itself causes the violation at issue.[22]  To state a claim for municipal or county liability, a plaintiff must allege that she suffered a constitutional deprivation that was the product of a policy or custom of the

---

[19] *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *cf. Clark v. St. of Wash.*, 366 F.2d 678, 681–82 (9th Cir. 1966) (concluding that the Washington State Bar Association is a state agency and immune from suit under Eleventh Amendment); *accord Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* Nev. Rev. Stat. § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment immunity); *see also Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006) (holding that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims").

[20] *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

[21] *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020, *cert. denied*, 142 S. Ct. 69 (2021).

[22] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).

local government unit.[23]  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[24]  But municipalities are not vicariously liable under § 1983 for their employees' actions.[25]

A policy has been defined as "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."[26]  The weight of authority has established that a "policy can be one of action or inaction" within the meaning of *Monell*.[27]  And "[b]oth types of claims require that the plaintiff prove a constitutional violation."[28]

### E.   Claims about conditions of confinement at CCDC after October 2016 arrest

#### 1.   Fourteenth Amendment—forcible medication

Brown might be attempting to plead a claim under the Fourteenth Amendment's Due Process Clause about being forcibly medicated while she was detained at CCDC.  The United States Supreme Court held in *Washington v. Harper* that "the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against h[er] will, if the inmate is dangerous to h[er]self or others and the treatment is in the inmate's medical interest."[29]  But the Due Process Clause requires certain essential procedural protections

---

[23] *Id.*

[24] *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[25] *Id.* at 60.

[26] *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690); *see also Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010).

[27] *Waggy*, 594 F.3d at 713 (citing *City of Canton*, 489 U.S. at 388).

[28] *Id.* (citing 42 U.S.C. § 1983).

[29] *Washington v. Harper*, 494 U.S. 210, 227 (1990).

to ensure that the decision to medicate an inmate against her will is neither arbitrary nor erroneous.[30]  Although a court must examine the procedures used in the case before it, the Supreme Court has held that notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses are sufficient procedures to meet the requirements of due process.[31]  In *United States v. Loughner*, the Ninth Circuit held that "when the government seeks to medicate a detainee—whether pretrial or post-conviction—on the grounds that [she] is a danger to [herself] or others, the government must satisfy the standard set forth in *Harper*."[32]

But "[i]f the government seeks to medicate involuntarily a pretrial detainee on trial competency grounds, that is a matter of trial administration and the heightened standard announced in [*Sell v. United States*] applies."[33]  In *Sell*, the Supreme Court set out the standards for when the government may administer antipsychotic drugs involuntarily to a mentally ill criminal defendant to render her competent for trial.  The Supreme Court held that (1) a court must find that important governmental trial interests are at stake; (2) involuntary medication will significantly further these government interests without causing side effects that will interfere significantly with the criminal defendant's fair trial rights; (3) involuntary medication is necessary to further the government's interests, taking into account less intrusive alternatives; and (4) the administration of the drugs is medically appropriate, i.e., in the patient's best medical interest in light of her medical condition.[34]

---

[30] *Id*. at 228, 236.

[31] *Id*. at 235.

[32] *United States v. Loughner*, 672 F.3d 731, 752 (9th Cir. 2012).

[33] *Id.* at 750.

[34] *Sell v. United States*, 539 U.S. 166 , 180–81 (2003); *see Loughner*, 672 F.3d at 747.

Brown's vague and conclusory allegations that she was "overly medicated" and "being tortured in terms of [her] meds" fail to state a colorable claim that she was unconstitutionally medicated while detained at CCDC.  Problems with this claim include that Brown does not plead facts about her medications and the circumstances surrounding the decision to medicate her.  Nor does Brown identify the person or persons who decided to medicate her, even if she does not know their true name or names.

But it does not yet appear that Brown cannot state any set of facts upon which relief could be granted.  So I dismiss the Fourteenth Amendment forcible-medication claim without prejudice, and I grant leave to amend this claim.  If Brown chooses to amend and attempts to replead this claim, she should allege true facts about who decided to medicate her, why that decision was made, when she was medicated, and how she was medicated.

Brown is cautioned that the use of John Doe or similar means as a placeholder for a yet unidentified defendant is not favored in the Ninth Circuit.  However, flexibility is allowed in cases in which the identity of a party will not be known before filing a complaint but can subsequently be determined through discovery.[35]  If Brown does not know the true name of any defendant who is responsible for an alleged constitutional violation, she should allege sufficient facts to show that the person's name can be determined through discovery.  For example, Brown can allege facts describing the defendant and the approximate dates, times, and locations of events the defendant allegedly participated in.

### 2.    Fourteenth Amendment—solitary confinement

Brown also might be attempting to plead a claim about being placed in solitary confinement at CCDC after her arrest in October 2016.  A pretrial detainee's claims challenging

---

[35] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

1 unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process

2 Clause.[36]  "The placement of pretrial detainees in safety cells [or solitary confinement] is

3 'punishment' in violation of the Fourteenth Amendment only if prison officials act with

4 deliberate indifference to the inmates' needs."[37]  The court evaluates Fourteenth Amendment

5 conditions-of-confinement claims under the objective deliberate-indifference standard.[38]  To

6 establish unconstitutional conditions of confinement, a pretrial detainee must prove that,

> 7       (i) the defendant made an intentional decision with respect to the
>         conditions under which the plaintiff was confined; (ii) those
> 8       conditions put the plaintiff at substantial risk of suffering serious
>         harm; (iii) the defendant did not take reasonable available
> 9       measures to abate that risk, even though a reasonable official in the
>         circumstances would have appreciated the high degree of risk
> 10      involved—making the consequences of the defendant's conduct
>         obvious; and (iv) by not taking such measures, the defendant
> 11      caused the plaintiff's injuries.[39]

12 When addressing the objective reasonableness of the defendant's conduct, a pretrial detainee

13 may show that "the challenged governmental action is not rationally related to a legitimate

14 governmental objective or that it is excessive in relation to that purpose."[40]

15       Brown's vague and conclusory allegation that she spent four months in solitary

16 confinement fails to state a colorable claim that she was punished under the Fourteenth

17 Amendment.  The problem is that Brown does not plead facts about her placement in solitary

18

19

20

---

[36] *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 & n.2 (9th Cir. 2018).

21 [37] *Cf. Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995) (regarding use of "safety cells for suicidal and mentally disturbed inmates").

22 [38] *See id.*

23 [39] *Id.* at 1125; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

[40] *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015).

1  confinement.  Nor does she identify the person or persons who placed or kept her in solitary

2  confinement, even if she does not know their true name or names.

3       But it does not yet appear that Brown cannot state any set of facts upon which relief

4  could be granted.  So I dismiss her Fourteenth Amendment solitary-confinement claim without

5  prejudice, and I grant leave to amend this claim.  If Brown chooses to amend and attempts to

6  replead this claim, she should allege true facts about who decided to place her in solitary

7  confinement, why that decision was made, and the conditions she experienced in confinement.

8       **F.     Claims about the October 2016 arrest and related occurrences**

9       To the extent Brown is attempting to assert federal claims about her October 2016 arrest

10  and related detention, criminal case, conviction, or sentence, she fails to state a colorable claim

11  for relief because she does not allege that her conviction or sentence have been invalidated.  The

12  Supreme Court explained in *Heck v. Humphrey* that, "in order to recover damages for [an]

13  allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

14  whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

15  that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

16  declared invalid by a state tribunal authorized to make such determination, or called into

17  question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[41]  "A claim

18  for damages bearing that relationship to a conviction or sentence that has not been . . .

19  invalidated is not cognizable under § 1983."[42]  When a district court dismisses under *Heck*, the

20

21

---

[41] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (concluding that § 1983 claims for false arrest and false imprisonment were barred by *Heck* because, to prevail on them, the plaintiff "would have to demonstrate that there was no probable cause to arrest him").

[42] *Heck*, 512 U.S. at 487.

1    dismissal is required to be without prejudice so that the plaintiff "may reassert [her] claims if

2    [she] ever succeeds in invalidating [her] conviction."[43]

3        If Brown chooses to amend and attempts to replead this claim, she should plead true facts

4    to show that her conviction or sentence arising out of her October 2016 arrest have been

5    invalidated.  Alternatively, if Brown's conviction or sentence have not been invalidated and she

6    is attempting to challenge their validity, she may file a habeas corpus petition in a new action,

7    under a new case number, and either pay the $5 fee for filing that proceeding or apply to proceed

8    *in forma pauperis*.

9       **G.    Claims about December 2022 arrest and related occurrences**

10        To the extent Brown is attempting to assert federal habeas claims about her December

11    2022 arrest and related pending detention and criminal case, she fails to state a colorable claim

12    for relief because the comity-based *Younger* abstention doctrine prevents federal courts from

13    interfering with pending state court criminal proceedings by granting injunctive or declaratory

14    relief, even if there is an allegation of a constitutional violation, unless there is an extraordinary

15    circumstance that creates a threat of irreparable injury.[44]  The Supreme Court has instructed that

16    "federal-court abstention is required" when there is "a parallel, pending state criminal

17    proceeding."[45]  Injuries are only irreparable if the threat to a petitioner's federally protected

18    rights cannot be eliminated through her defense of the criminal case.[46]

19

20

---

[43] *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

[44] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[45] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[46] *Younger*, 401 U.S. at 46.

Brown's conclusory allegation that her current detention at CCDC is "illegal" fails to satisfy this standard.  Brown's claims about her December 2022 arrest and related pending detention and criminal case are therefore dismissed without prejudice, and I grant leave to amend if Brown can plead true facts that any threat to her federally protected rights cannot be eliminated through her defense of the criminal case.

## III.    Leave to amend

Brown has leave to file an amended complaint choosing which claim or related claims she wants to bring in this action and to cure the other defects identified in this order.  If Brown chooses to file an amended complaint, she is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[47]  She must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be titled "First Amended Complaint."  Brown must follow the instructions on the form.  She need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each claim, she should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate her civil rights.  **And she must file the amended complaint by July 14, 2023.**

## IV.    Motion to stay action [ECF No. 6]

Brown moves for an "extension" of this lawsuit, arguing that she'll be placed on probation in July 2023 and "will be able to p[u]rsue the case safely [in] Aug[ust] 2023."[48]

---

[47] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[48] ECF No. 6.

Brown explains that she wants a stay because "safety is [her] main concern now."[49]  I deny

Brown's motion to stay this case pending her projected release on probation.  And I caution

Brown that under Nevada Local Rule IA 3-1, a "pro se party must immediately file with the

court written notification of any change of mailing address, email address, telephone number, or

facsimile number.  The notification must include proof of service on each opposing party or the

party's attorney[,]" when applicable.[50]  "Failure to comply with this rule may result in the

dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by

the court."[51]

**V.     Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is DEFERRED.

IT IS FURTHER ORDERED that the motion to stay this action **(ECF No. 6) is DENIED**.

IT IS FURTHER ORDERED that the entire complaint **(ECF No. 1-1) is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that defendant State of Nevada is **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that defendants Wal-Mart and Goodwill are **DISMISSED without prejudice**.

---

[49] *Id.* at 2.

[50] LR IA 3-1.

[51] *Id.*

IT IS FURTHER ORDERED that plaintiff has **until July 14, 2023,** to file an amended complaint.  If plaintiff chooses to file an amended complaint, she must use the approved form and will title it "First Amended Complaint."  The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>.  If plaintiff does not file an amended complaint by July 14, 2023, this action will be subject to dismissal for failure to state a claim**.

Alternatively, if plaintiff's conviction or sentence associated with her October 2016 arrest has not been invalidated and she is attempting to challenge its validity, then she may file a habeas corpus petition about that matter in a new action, under a new case number, and either pay the $5 fee for filing that proceeding or apply to proceed in forma pauperis.  Plaintiff may not file those documents in this action.

**The Clerk of the Court is directed to FILE** the complaint (ECF No. 1-1) **and SEND** plaintiff Jessica Michelle Brown copies of the complaint (ECF No. 1-1), the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, the approved application to proceed *in forma pauperis* for an inmate and instructions for the same, a blank 28 U.S.C. § 2254 habeas corpus form and instructions for the same, and General Order No. 2021-05.

Dated: June 14, 2023

_____
U.S. District Judge