UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessica Michelle Brown,<br><br>             Plaintiff<br>    v.<br><br>State of Nevada, et. al.,<br><br>             Defendants | Case No. 2:23-cv-00187-JAD-NJK<br><br>**Order Dismissing<br>and Closing Case** |

    Plaintiff Jessica Brown brings this civil-rights lawsuit to redress constitutional violations that she claims she suffered while being detained at Clark County Detention Center.  On June 14, 2023, this court dismissed Brown's claims with leave to amend by July 14, 2023.[1]  The court warned Brown that this case would be dismissed and closed if she failed to file an amended complaint by that deadline.[2]  Brown neither filed an amended complaint by that deadline nor moved for an extension of time to do so.

    The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[3]  In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

---

[1] ECF No. 7.

[2] *Id*. at 16.

[3] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[4] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this action cannot proceed unless the plaintiff files an amended complaint, the only alternative is to enter a second order setting another deadline. But entering a second order will only delay the inevitable and further squander the court's finite resources because Brown ignored the first deadline. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED without prejudice** for failure to file an amended complaint by the court-ordered deadline, leaving no

---

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[7] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

claims pending.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in this now-closed case.**

Dated: September 6, 2023

_____
U.S. District Judge Jennifer A. Dorsey